IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARON MCCARTHY,                )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                ) Civil Action No. 06-1122
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
          Defendant.            )

MEMORANDUM ORDER

CONTI, District Judge

*Introduction*

Pending before the court is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claim of Sharon McCarthy ("plaintiff") for Supplemental Security Income Disability Benefits ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381, *et seq.* Plaintiff contends that the decision of the administrative law judge (the "ALJ") that she is not disabled, and therefore not entitled to benefits, should be reversed and benefits awarded or in the alternative the case should be remanded for the ALJ to consider properly all the evidence as presented. Defendant asserts that substantial evidence supports the decision of the ALJ. The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The court will deny plaintiff's motion and grant defendant's motion for summary judgment because substantial evidence supports the decision of the ALJ.

*Procedural History*

Plaintiff filed an application dated October 14, 2002 for SSI benefits, with a protective filing date of September 2, 2003, asserting a disability since January 11, 2002, due to back pain and anxiety. (Tr. at 40, 72-73, 85). On March 15, 2004, the Social Security Administration rejected plaintiff's application. (Tr. at 41-45). On March 18, 2004, plaintiff requested a hearing by an administrative law judge to review the decision of the SSA. (Tr. at 46). On September 1, 2005, plaintiff, represented by an attorney, appeared at the hearing and testified. (Tr. at 245-65). A vocational expert ("VE") also testified. (Tr. at 260-63). In a decision dated November 21, 2005, the ALJ found that plaintiff was employable and not disabled for the purposes of meeting the requirements of sections 1602 and 1614(a)(3)(A) of the SSA, 42 U.S.C. §§ 1381a, 1382c(a)(3)(A). (Tr. at 14-26). Plaintiff timely requested a review of the ALJ's decision by the Appeals Council, which denied the request on June 21, 2006. (Tr. at 3-5, 8-9). On August 23, 2006, plaintiff commenced the present action, seeking judicial review of the ALJ's decision under 42 U.S.C. § 405(g).

*Legal Standard*

Judicial review of the Commissioner's denial of a claimant's benefits is provided by 42 U.S.C. § 405(g). When reviewing an administrative law judge's determination subsequently adopted by the Commissioner, this court is to affirm the Commissioner's findings if the findings are supported by substantial evidence. 42 U.S.C. § 405(g); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F. 3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389 (1971)). This deferential standard has been referred to as "less than a

preponderance of evidence but more than a scintilla." Burns v. Burnhart, 312 F. 3d 113, 118 (3d Cir. 2002). This standard, however, does not permit the court to substitute its own conclusions for that of the fact finder. Id.; Fargnoli v. Massonari, 247 F.3d 34, 38 (3d Cir. 2001)(reviewing whether the administrative law judge's findings "are supported by substantial evidence" even if the court would have differently decided the factual inquiry).

### *Plaintiff's Background and Medical Evidence*

Plaintiff was born on December 24, 1961, and was 40 years old at the onset date of her alleged disability. (Tr. at 72, 85, 88-89). She is approximately 5 feet 4 inches tall and weighs 200 pounds. (Tr. at 88). At the time of her application, she lived with her two children, then ages 17 and 19. (Tr. at 73). She has an 11th grade education, but has been assessed as functionally illiterate. (Tr. at 150). She has access to health care through the Medicaid program. (Tr. at 88). Plaintiff has past work experience as a nursing aid, a street cleaner, a house cleaner, and a printer. (Tr. at 90). The ALJ found that plaintiff had not engaged in substantial gainful activity since September 2, 2003, and had no relevant past work experience. (Tr. at 16).

In January 2003, plaintiff was involved in a motor vehicle accident which triggered pain in her lower back. (Tr. at 131, 145). In February 2003, Betty Liu, M.D., examined plaintiff, noting that plaintiff seemed stiff and claimed to be in pain. (Tr. at 145). Due to persistent complaints of low back pain, an MRI was performed in April 2003, and plaintiff was assessed with chronic low back pain and herniated L4-L5 disc. (Tr. at 140, 191). Subsequently, from February to September 2003, plaintiff was treated with pain medications and attended a few physical therapy sessions. (Tr. at 140).

In December 2003, a consultative medical examiner, C. Charles Iannuzzi, M.D., examined plaintiff at the request of the Social Security Administration. (Tr. at 149-57). Dr. Iannuzzi noted that plaintiff expressed extreme claims of pain, she was very unsteady on her feet, and she walked in a very slow manner. (Tr. at 152). Dr. Iannuzzi assessed that plaintiff was limited to less than a full range of work at a sedentary exertional level. (Tr. at 154-57).

In January 2004, a state agency physician, Dilip S. Kar, M.D., reviewed the medical evidence to assess plaintiff's condition. (Tr. 158-65). Dr. Kar found that plaintiff was capable of performing a full range of sedentary work, and disagreed with Dr. Iannuzzi's assessment of plaintiff's limitations. (Tr. at 159-64). Dr. Kar concluded that Dr. Iannuzzi's assessments were gross overestimates. (Tr. at 159-64). Dr. Kar found that plaintiff could carry less than 10 pounds frequently, stand for two hours, and sit for six hours. (Tr. at 159-64).

In February 2004, a consultative psychological examiner, Marvin Wheeler, Ph.D., was hired at the request of the Social Security Administration, even though plaintiff did not allege disability due to mental impairment. (Tr. at 166-72). Plaintiff complained of pain and depression, and Dr. Wheeler diagnosed her with an adjustment disorder and a personality disorder, but stated that plaintiff's "veracity for reporting her situation" appeared questionable. (Tr. at 169). Dr. Wheeler assessed plaintiff as possessing a fair ability to carry out work-related tasks, but he qualified his opinion on whether plaintiff's medical problems and claims of pain were in fact as she described them. (Tr. at 169-70). If they were, he would assess plaintiff as extremely limited in her ability to make work-related decisions. (Tr. at 171-72).

In March 2004, a state agency, nonexamining psychologist, Edward Jonas, Ph.D., assessed plaintiff as having mental impairments, but these impairments did not limit her day-to-

day living, nor significantly limit her ability to make simple work-related decisions. (Tr. at 173, 186-89). After conducting a face-to-face interview, Dr. Jonas observed that plaintiff exhibited no difficulties in any aspect of her mental functions. (Tr. at 183, 186-88). Dr. Jonas concluded that plaintiff would be capable of performing repetitive work on a sustained basis, and he asserted that Dr. Wheeler's assessment was highly questionable, and a likely overestimate of plaintiff's actual impairments. (Tr. at 188-89).

At the hearing before the ALJ, plaintiff testified that she experienced intermittent pain from the right side of her stomach around to her lower back and down into her legs. (Tr. at 249, 254). Plaintiff believes her prior pain was the result of kidney problems, but that the current cause of her back pain was a later auto accident, which caused two discs in her lower back to herniate. (Tr. at 250). Plaintiff testified that when she has taken her medication she can perform household tasks such as cooking and cleaning for one to two hours before needing to take a break. (Tr. at 251). Plaintiff claims to be able to walk for one-half hour without pain. (Tr. at 254). Plaintiff regularly cooks a special meal for her family on Sundays. (Tr. at 257-58).

The ALJ asked the VE the following hypothetical:

> If we assume an individual with the claimant's age, education and work experience, and assume that she would be capable of performing tasks at the sedentary exertional level with a sit/stand option at intervals of about one-half hour, limited to the performance of simple, repetitive tasks that do not involve a rapid production pace. Are there jobs that can be performed?

(Tr. at 261). The VE testified that nationally there were 22,000 cashier jobs, 131,000 telephone solicitor jobs, or 171,000 ticket sales jobs available to an individual as described in the ALJ's hypothetical. (Tr. at 261). The VE noted that if Dr. Iannuzzi's assessment of plaintiff was credible, there would be no jobs the plaintiff could perform. (Tr. at 261-62).

*Discussion*

Title XVI of the SSA defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Similarly, a person is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 1382c(a)(3)(B).

An administrative law judge applies a five-step sequential evaluation in order to make a disability determination under the SSA. 20 C.F.R. §§ 404.1520, 416.920. The evaluation consists of the following stages: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the plaintiff fails to meet the burden of proving the requirements in the first four steps, the administrative law judge may find that the plaintiff is not disabled. Burns v. Burnhart, 312 F.3d at 119. The burden of proof is on the Commissioner with respect to the fifth step in the evaluation process. Id.

Here, the ALJ found that: (1) plaintiff has not engaged in substantial gainful activity since the alleged onset of disability in January 2002; (2) plaintiff suffers from lower back pain, and mental impairments, which are severe; (3) these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) plaintiff retains the residual functional capacity to perform tasks of a simple, repetitive nature at the sedentary exertional level, subject to limitations, but has no past relevant work; and (5) there were jobs in the national economy that plaintiff could perform. (Tr. at 25).

Plaintiff raises three arguments. First, plaintiff asserts that the ALJ erred in evaluating the medical evidence presented, specifically in failing to give controlling weight to the opinion of consultative examiner Dr. Iannuzzi. Second, plaintiff argues that the ALJ erred in concluding plaintiff's testimony concerning her impairments and their impact on her ability to work was not entirely credible. Third, plaintiff asserts the hypothetical question posed by the ALJ to the VE was inaccurate as a matter of law. Defendant, however, contends that substantial evidence supports the ALJ's decision. Each of plaintiff's arguments will be addressed.

**I. The ALJ did not err in limiting the weight given to the opinion of consultative examiner Dr. Iannuzzi**.

Plaintiff alleges the ALJ erred in evaluating the medical evidence presented, specifically in not giving Dr. Iannuzzi's opinion controlling weight. Though the opinion of an examining physician is generally given more weight than the opinion of a nonexamining physician, "the more a medical source presents relevant evidence to support an opinion, . . . the more weight [will be given] that opinion." 20 C.F.R. §§ 404.1527(d)(1),(3). The weight given to the opinion of a nonexamining source depends on how well the opinion by that source is supported by the

7

medical record. 20 C.F.R. § 404.1527(d)(3). Dr. Iannuzzi believed plaintiff was limited to less than a full range of work at a sedentary exertional level. (Tr. at 154-57). The ALJ found Dr. Kar's opinion, rather than Dr. Iannuzzi's opinion, more accurately represented the medical record.

      The ALJ explained his reasons for the weight afforded Dr. Iannuzzi's opinion and Dr. Kar's opinion, and did not err in attributing greater weight to the assessment of Dr. Kar. Dr. Iannuzzi's clinical findings were contradicted by the assessment of treating physicians, and support Dr. Kar's assessment. Plaintiff was on multiple occasions examined by Dr. Betty Liu, who saw plaintiff for her back pain. (Tr. at 139-48). Plaintiff had a full range of motion, and physical therapy was recommended. (Tr. at 146). Plaintiff was later examined by Dr. Weisman, who assessed plaintiff as having some tenderness in her back, but having normal station and gait. (Tr. at 220). This evidence directly conflicts with Dr. Iannuzzi's assessment of plaintiff. Dr. Iannuzzi concluded that plaintiff's ability to work was severely limited due to her pain, and described plaintiff as "very unsteady on her feet." (Tr. at 151). His conclusion that plaintiff would not be capable of working for eight hours a day is in direct conflict with the assessments of Dr. Kar, Dr. Liu, and Dr. Weisman, and is based solely upon plaintiff's subjective claims of pain. Dr. Kar concluded that Dr. Iannuzzi's assessments "significantly and grossly" overstated plaintiff's physical limitations, a finding consistent with the record and the findings of Dr. Liu and Dr. Weisman. (Tr. at 159-64). The ALJ properly considered the entire medical record and did not err in giving the opinion of Dr. Kar more weight than that of Dr. Iannuzzi.

**II. The ALJ did not err in concluding that plaintiff's statements of pain were not entirely credible.**

Plaintiff argues that the available medical evidence supports her subjective claims of disabling pain, and the ALJ erred in finding these claims not entirely credible. The standard for evaluating a claimant's subjective symptoms is set forth in 20 C.F.R. § 404.1529. There must be objective medical evidence of some condition that could reasonably produce pain, but there need not be objective evidence of the pain itself. Green v. Schweiker, 749 F.2d 1066 (3d Cir. 1984). A medically determinable impairment that could reasonably be expected to produce the alleged pain is required. 20 C.F.R. § 404.1529(b). An administrative law judge may reject a plaintiff's complaints of pain when there is contrary medical evidence of record, and the administrative law judge sufficiently explains his basis for rejecting the complaints. Mason v. Shalala, 944 F.2d 1058, 1067 (3d Cir. 1993). In this case, plaintiff's medically determinable impairments could be expected to produce pain. The claimed severity of these impairments, however, is not supported by the objective medical evidence.

The ALJ found plaintiff's testimony to be not entirely credible and detailed his reasoning. (Tr. at 19). Plaintiff had very little work history prior to any claimed disability. (Tr. at 77-84, 248). The ALJ considered plaintiff's testimony which indicated that she regularly performed household chores with some help (Tr. at 19), but the ability to perform these daily activities is inconsistent with plaintiff's complaints of disabling pain. After being admitted to a hospital on June 4, 2005, for an unrelated illness, she reported that she cooks, cleans, and drives, and planned to do so upon her release from care. (Tr. at 229).

Plaintiff's lack of credibility is further demonstrated by the mental evaluations performed at the request of the SSA. The ALJ properly attributed greater weight to the opinion of Dr. Jonas and less to the opinion of Dr. Wheeler. The ALJ recognized that plaintiff does suffer from a personality disorder (Tr. at 21), and considered the opinions of Dr. Jonas and Dr. Wheeler. (Tr. at 21). Dr. Jonas suggested that Dr. Wheeler's assessment was questionable given plaintiff's lack of credibility. (Tr. at 188-89). Dr. Wheeler gave plaintiff a global assessment of functioning ("GAF") score of 60, which indicates only moderate to mild mental impairment,[1] and noted that plaintiff's ability to report accurately her situation "appears very questionable." (Tr. at 169). Dr. Jonas, in a face-to-face interview with plaintiff, observed no impairment of mental function and concluded that plaintiff would be capable of performing work without constant supervision. (Tr. at 188-89). This conclusion is consistent with the medical evidence.

Considering the record as a whole, substantial evidence exists to support the ALJ's finding that plaintiff's subjective claims of pain were not entirely credible. The ALJ did not err in evaluating the medical evidence or plaintiff's credibility.

**III. The hypothetical presented by the ALJ adequately addressed plaintiff's impairments**.

Plaintiff claims that the ALJ failed to address adequately plaintiff's impairments in the hypothetical posed to the VE in the fifth step of the disability assessment. When an administrative law judge poses a hypothetical to a vocational expert, that hypothetical must

---

[1] The GAF score considers psychological, social, and occupational functioning on a continuum of mental health to mental illness. An individual with a GAF score of 60 may have moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV-TR) 34 (American Psychiatric Association, 4th ed. 2000).

include all of the impairments supported by the record. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (holding that an administrative law judge is required to convey accurately all of the claimant's credibly established impairments in the hypothetical posed to the vocational expert); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). If a hypothetical does not include all the credibly established impairments of a plaintiff, then the hypothetical is deficient and the vocational expert's response cannot be considered substantial evidence. Chrupcala, 829 F.2d at 1276.  A deficient hypothetical requires that the court remand the case to the Commissioner for further proceedings. Burns v. Barnhart, 312 F.3d 113, 118-19 (3d Cir. 2002).

The ALJ included all impairments supported by the medical evidence available. The ALJ recognized that plaintiff's "medically determinable impairments could reasonably be expected to produce some pain," and plaintiff had a medically determinable personality and affective disorder. (Tr. at 19-21). The ALJ concluded that plaintiff retained the mental ability to perform work with moderate limitations and complete a normal workday with minimal interruptions, if the work is comprised of simple, repetitive tasks. (Tr. at 22). The evidence also supports the ALJ's determination that plaintiff could perform a wide range of unskilled work at the sedentary exertional level. (Tr. at 24). The hypothetical posed by the ALJ accurately reflected the plaintiff's credibly established impairments, and remand of this case is not warranted on the basis of an inadequate hypothetical presented to the vocational expert.

### *Conclusion*

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that substantial evidence supports

the ALJ's finding that plaintiff is not disabled. The decision of the ALJ denying plaintiff's application for SSI is affirmed.

Therefore, plaintiff's motion for summary judgment (Docket No. 7) is **DENIED**, and defendant's motion for summary judgment (Docket No. 9) is **GRANTED**.

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of defendant, Michael J. Astrue, Commissioner of Social Security, and against plaintiff, Sharon B. McCarthy.

The clerk shall mark this case as closed.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: August 16, 2007

cc   counsel of record